UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER RASMUSSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PINNACLE FOODS INC., ROGER DEROMEDI, MARK CLOUSE, ANN FANDOZZI, MARK JUNG, JANE NIELSEN, MUKTESH PANT, RAYMOND P. SILCOCK, and IOANNIS SKOUFALOS,<br><br>Defendants. | Civ. No. 2:18-cv-12501<br><br><br>OPINION AND<br><br>ORDER |

**WILLIAM J. MARTINI, U.S.D.J.:**

    **THIS MATTER** comes before the Court upon Movant Robert H. Paquette's Motion for Consolidation of Related Actions and Appointment as Interim Lead Plaintiff and Class Counsel, ECF No. [5] ("Motion"). In the Motion, Movant seeks consolidation of this case, *Rasmussen v. Pinnacle Foods Inc., et al.,* Case No. 2:18-cv-12501 (D.N.J.), with two other related cases pending in this district: his own case, styled as *Paquette v. Pinnacle Foods Inc., et al.*, Case No. 2:18-cv-12578 (D.N.J.), and a third case, styled as *Lindquist v. Pinnacle Foods Inc., et al.*, Case No. 2:18-cv-12610 (D.N.J.). Movant further requests appointment of Paquette, represented by Susana Cruz Hodge of Lite DePalma Greenberg LLC in *Paquette v. Pinnacle Foods Inc., et al.*, Case No. 2:18-cv-12578 (D.N.J.), as Interim Lead Plaintiff and appointment of the law firms Monteverde & Associates, PC and Lite DePalma Greenberg LLC as Interim Class Counsel. *See* ECF No. [5-1].

    Plaintiff Alexander Rasmussen, represented by Jeffery W. Herrmann of Cohn, Lifland, Pearlman, Herrmann & Knopf, LLC, consents to consolidation of the actions but objects to the motions to appoint interim lead plaintiff and interim class counsel. ECF No.

[7]. Specifically, counsel for Plaintiff Rasmussen argues that the motions are premature and run contrary to the unexpired 60-day statutory notice period contemplated in the Private Securities Litigation Reform Act of 1995 within which "any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.* at 5; *see also* 15 U.S.C. § 78u-4(a)(3)(A)(i). No other parties, including Plaintiff Wesley Lindquist represented by Donald James Enright of Levi & Korsinsky LLP, in *Lindquist v. Pinnacle Foods Inc.*, *et al.*, Case No. 2:18-cv-12610 (D.N.J.), have filed a response to the Motion.

Under Federal Rule of Civil Procedure 42, "[i]f the actions before the court involve a common question of law of fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a). The district court has "broad power" to consolidate such cases as may facilitate the administration of justice. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 212 (3d Cir. 2014) (quoting *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964)). Here, Movant Paquette seeks—unopposed—the consolidation of three related shareholder cases which stem from the same proposed acquisition of Pinnacle Foods, Inc. by Conagra Brands, Inc. *See* ECF Nos. [1] in *Paquette v. Pinnacle Foods Inc., et al.*, Case No. 2:18-cv-12578 (D.N.J.); *Rasmussen v. Pinnacle Foods Inc., et al.,* Case No. 2:18-cv-12501 (D.N.J.); and *Lindquist v. Pinnacle Foods Inc.*, et al., Case No. 2:18-cv-12610 (D.N.J.). The three cases share common questions of fact and law and consolidation would serve the administration of justice. Accordingly, *Paquette v. Pinnacle Foods Inc., et al.*, Case No. 2:18-cv-12578 (D.N.J.), *Rasmussen v. Pinnacle Foods Inc., et al.,* Case No. 2:18-cv-12501 (D.N.J.), and *Lindquist v. Pinnacle Foods Inc.*, *et al.*, Case No. 2:18-cv-12610 (D.N.J.) are **CONSOLIDATED** under the first-filed case, *Rasmussen v. Pinnacle Foods Inc., et al.,* Case No. 2:18-cv-12501 (D.N.J.).

In the Motion, Movant also seeks relief, including, but not limited to, the appointment of interim lead plaintiff and interim class counsel which is inappropriately filed in this case, Case No. 2:18-cv-12501. *See* Local Rule 42.1. Accordingly, that relief is **DENIED WITHOUT PREJUDICE.** To the extent Movant still seeks such relief, Movant shall refile his motion after the Clerk of Court has consolidated the above-mentioned cases.

For the reasons stated above, it is **ORDERED AND ADJUGED** as follows:

1. Movant's Motion, **ECF No. [5]**, is **GRANTED IN PART AND DENIED IN PART.**

2. The Motion to Consolidate is **GRANTED** and the Motion to Appoint Lead and Interim Counsel is **DENIED WITHOUT PREJUDICE.**

3. *Paquette v. Pinnacle Foods Inc., et al.*, Case No. 2:18-cv-12578 (D.N.J.), *Rasmussen v. Pinnacle Foods Inc., et al.,* Case No. 2:18-cv-12501 (D.N.J.), and *Lindquist v. Pinnacle Foods Inc., et al.*, Case No. 2:18-cv-12610 (D.N.J.) are **CONSOLIDATED** under the first-filed case, *Rasmussen v. Pinnacle Foods Inc., et al.,* Case No. 2:18-cv-12501 (D.N.J.).

4. Every pleading in this consolidated action shall bear the following caption, and that the Clerk of Court shall amend the caption accordingly:

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| | Civ. No. 2:18-cv-12501 |
| IN RE PINNACLE FOODS INC, SECURITIES LITIGATION. | CONSOLIDATED SHAREHODLER LITIGATION |

5. The Clerk of Court shall establish a Master Docket and Master File under **Case No. 2:18-cv-12501**. All orders, pleadings, motions and other documents shall, when filed and docketed in the Master File, be deemed filed and docketed in each individual case to the extent applicable.

6. Counsel for the parties shall assist the Court by notifying the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this consolidated action.

**SO ORDERED.**

       */s/ William J. Martini*

       **WILLIAM J. MARTINI, U.S.D.J.**

**Dated: September 12, 2018**